25 February, 2009

## CONFIDENTIAL Disclosure Agreement

This agreement is entered into this 27th day of February, 2009, by and between Larry L Walker Larry Walker an individual having his principle place of business at 155 Shady Grove Road, Flintville, TN 37335 (hereinafter referred to as "DISCLOSER") and AMVAC Chemical Corporation having its principle place of business or address in Newport Beach, California (hereinafter referred to as "RECIPIENT"). RECIPIENT shall include persons in an advisory capacity under the direct control of AMVAC and who are expected to be held to similar secrecy standards as AMVAC employees.

The parties hereto agree as follows:

1. DISCLOSER possesses certain information, including, but not limited to, information regarding intellectual property rights, product formulation and product performance, (hereinafter referred to as "INFORMATION") relating to its proprietary crop protection product (Ametryn hereinafter referred to as AMV 5065) for use in agriculture and horticulture. DISCLOSER may have supplied and/or may be supplying to RECIPIENT samples of its proprietary crop protection product, AMV 5065 and INFORMATION, which are to be used by RECIPIENT exclusively for the purpose of evaluating its interest in entering into a future business arrangement with DISCLOSER, pursuant to a separate written agreement with DISCLOSER for exclusive development and marketing rights. DISCLOSER is willing to supply such samples of AMV 5065 (hereinafter referred to as "MATERIALS") and INFORMATION to RECEIPENT on an exclusive basis for the aforesaid purpose. As used herein, INFORMATION shall include information supplied, either directly or indirectly, to RECIPIENT by DISCLOSER hereunder or discovered by RECIPIENT in connection with said evaluation pertaining to the chemical composition or properties of the AMV 5065 and/or pertaining to the use and or formulation of AMV 5065.

2. RECIPIENT agrees to hold in confidence the INFORMATION disclosed to it by DISCLOSER, as identified in Paragraph 1 above, and not to disclose the information to anyone except to such of its employees or consultants as may be necessary for the purpose of execution of the Agreement, unless

    a. such INFORMATION is part of the public domain prior to the date first hereinabove written; or

    b. such INFORMATION becomes a part of the public domain not due to some unauthorized act by or omission of RECIPIENT after the date first hereinabove written; or

    c. RECIPIENT can demonstrate by written records that it has independently developed knowledge of such INFORMATION prior to the date first hereinabove written; or

    d. such information is disclosed to RECIPIENT by a third party who has the right to make such disclosure and did not acquire the same from DISCLOSER under an obligation of confidentiality; or

    e. permission to disclose said INFORMATION or to make use thereof is obtained by RECIPIENT from DISCLOSER.

3. Upon demand by DISCLOSER, RECIPIENT agrees to return to DISCLOSER, any and all INFORMATION and/or samples of AMV 5065 furnished by DISCLOSER, as well as any copies of INFORMATION made thereof. The return of the INFORMATION shall not affect the obligations of RECIPIENT under paragraph 2.

4. This agreement shall be binding upon and inure to the benefits of the successors and assigns of the parties hereto, but neither of the parties hereto shall assign this agreement without the written consent of the other party.

5. This agreement and the rights and obligations of the parties shall be governed and construed in accordance with the laws of the state of California without giving effect to principles of conflict of laws or choice of laws of that nation. In the event of a dispute hereunder, the parties shall make good faith efforts to resolve the dispute through negotiation (that is, unless either party would be materially prejudiced thereby). However, in the event that the dispute not be resolved through negotiation, the parties agree that litigation or arbitration hereunder shall be brought in the domicile of the non-moving party.

6. In further consideration of the above, RECIPIENT agrees that it will:

    a. not analyze or have analyzed the MATERIALS to determine their chemical composition or physical properties other than analyses as DISCLOSER may from time to time specifically authorize in writing;

    b. not sell or otherwise make available to any third party any sample of the AMV 5065, other than for the express purpose of evaluating its interest in entering into a future business arrangement as expressed hereunder;

c. promptly upon completion of its tests, and in any event not later than one (1) year after the date of t    agreement, as directed by the DIS    OSER, either return to

the DISCLOSER all of the unused portions of the MATERIALS, whether used or unadulterated, or dispose of said unused portions in a manner to be prescribed by DISCLOSER and in accordance with local regulations and provide written assurance to DISCLOSER of such disposition; and

   d. use AMV 5065 solely for the aforesaid purpose(s).

7. The term of this agreement shall be <u>from February 25, 2009 until October 1, 2009</u> for ~~one year from the date written above~~, however, the RECIPIENT shall not for a period of five (5) years, use proprietary information for purposes other than for which it was disclosed.

8. During the term of this agreement, should RECIPIENT make any discovery, invention or improvement involving AMV 5065 provided by DISCLOSER, RECIPIENT must notify DISCLOSER in a timely manner and RECIPIENT shall have the right to file applications for patents in its own name. However, RECIPIENT shall grant to DISCLOSER, a non-exclusive, worldwide, license under any such discovery, invention or improvement, whether patentable or not, the terms of which are to be negotiated in good faith under a separate agreement.

9. Furthermore, within sixty (60) days after the completion of said tests, RECIPIENT will furnish to DISCLOSER a summary of its test results with the MATERIALS and a summary of any of its evaluations of AMV 5065.

10. Nothing in this agreement shall be construed as granting to RECIPIENT any right or license under DISCLOSER'S patent rights, or any right or license to use the INFORMATION and/or samples of AMV 5065 for any purpose other than as stated above. Neither the holding of discussions nor the exchange of material or information shall be construed as an obligation of the DISCLOSER to enter into any other agreement with RECIPIENT. The DISCLOSER reserves the right, in its sole discretion, to terminate discussions with RECIPIENT at any time. *[handwritten: Never took Place.]*

11. This constitutes the entire agreement of the parties hereto with respect to the subject matter hereof, supersedes any prior understanding or agreement relating to such subject matter, and may not be amended or modified except by a written document that has been executed and delivered by both parties.

Please indicate your agreement by signing and returning the duplicate original of this agreement to us.

| DISCLOSER | RECIPIENT |
|---|---|
| Company: | Company: |
| Larry Walker | AMVAC Chemical Corporation |
| By: | By: |
| *Larry L Walker* | |
| **Print Name:** Larry Walker | **Print Name:** Vincent J. Pascarelli |
| Title: | Title: Director, International Business Development |
| Date: March 1, 2009 | Date: |